## Commonwealth v. McCartney

*William Morgan,* for Commonwealth.
*Joseph A. Massa, Jr.,* for defendant.

WOLFE, P. J., September 20, 1971.—For disposition is defendant's appeal following his conviction in the magistrate's court for violation of section 1002(c).

The Commonwealth's case consisted of one witness, the State Trooper, who testified that on March 30, 1971, at approximately 10:50 p.m. he observed defendant operating a tractor-trailer tanker traveling east on Route 6 south of the Borough of Corry and being of the opinion the operator was exceeding the speed limit turned around and pursued him. The tractor-trailer was clocked by the officer for one-half mile at 58 miles per hour over a distance where there was posted "speed limit" signs 45 miles per hour for a vehicle of this type.

Defendant denied he was traveling at this rate of speed at the time and place in question and attempts to corroborate this by the use of a tachograph installed in his truck. This instrument generally is installed to record the driver's activities and indicates speed, distance traveled, when the vehicle is stopped, when it is started and when it is standing with the motor idling.

Defendant asserts his tachograph indicates just prior to his arrest he was traveling 46 to 49 miles per hour. Defendant does acknowledge, however, he did travel up to 58 miles per hour prior to his arrest but this was at 10:15 p.m. when he was on the throughway south of the City of Erie and passing a vehicle.

Defendant acknowledges he had advanced the tachograph prior to starting the truck by 20 minutes which, in relation to actual time, would make the tachograph 20 minutes fast and, again, defendant acknowledges his highest rate of speed 10 miles preceding his stop was 49 miles per hour to 50 miles per hour.

This is a novel defense for the court and, in essence, pits the tachograph against the speedometer in the officer's vehicle that was checked for accuracy within the 30-day period.

Defendant admits the tachograph was not tested for accuracy until after the arrest and was found to be accurate. The Commonwealth's certificate of accuracy indicates the speedometer used in the pursuit car was 98 per cent accurate.

The burden is upon the Commonwealth to prove the defendant guilty beyond a reasonable doubt and if there is any such doubt it must be awarded to the defendant.

Although defendant did not directly assert, he did by inference imply the speedometer in the pursuit car

was inaccurate and that the tachograph in his truck was accurate and, therefore, the court should accept his version of the speed over the distance he was clocked.

The use of tachographs is customary with trucking companies and they reveal pertinent data for the company in regulation of its traffic and conduct of its drivers. We have found no reported cases indicating that evidence of speed by a tachograph is sufficient to offset the evidence of the Commonwealth that the operator was speeding over the required clocked distance. The burden the legislature has placed on the Commonwealth is a heavy one, requiring it to clock the defendant over the required distance by use of a speedometer that has been tested for accuracy by an independent station within 30 days of the violation. No such burden is placed upon the trucking companies to so qualify their tachographs, nor is there any evidence to indicate the accuracy and precision of these instruments that would balance the scales of the evidence and thus raise a reasonable doubt if the violation, in fact, occurred.

We think this is true, especially in this case where the operator acknowledged the advancing of the timing of the instrument and also acknowledged he did travel 58 miles per hour at one point. Further, defendant testified when he was stopped by the officer he told him he "thought" he was traveling between 45 and 47 miles per hour.

The court must weigh this evidence against the deliberate effort of the officer to clock the defendant over the required distance by use of an authorized and accurate speedometer.

For the foregoing reasons, the Court finds that the Commonwealth has carried its burden of proof beyond a reasonable doubt and that defendant is guilty as charged and makes the following order:

## ORDER

And now September 20, 1971, defendant is found guilty as charged and defendant, in absence of appeal, is directed to appear before the court for sentence at the next regular scheduled sentence court.